**STATE OF HAWAII,** Plaintiff–Appellee, v. **ANDRES SEGURITAN,** Defendant–Appellant, and **RUBEN R. SEGURITAN,** Defendant

NO. 12671

(CR. NO. 87–0400)

DECEMBER 30, 1988

LUM, C.J., NAKAMURA, PADGETT,
HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a sentence of life imprisonment with a possibility of parole for the offense of murder in the second degree (HRS §§ 707–701.5(1) and 706–656). Appellant contends that the trial court erred in giving the following instruction:

The term "extreme mental or emotional disturbance" as used in the Manslaughter defense denotes the emotional state of

an individual who 1) is exposed to an extremely unusual and overwhelming stress, and 2) has an extreme emotional reaction to it, as a result of which there is a loss of self–control and reason is overborne by intense feelings, such as passion, anger, distress, grief, excessive agitation or other similar emotions.

This was so–called State's supplemental instruction no. 3. It is drawn from a passage in *People v. Shelton*, 88 Misc.2d 136, 149, 385 N.Y.S.2d 708, 717 (1976), quoted by the Intermediate Court of Appeals of Hawaii (ICA) in *State v. Dumlao*, 6 Haw. App. 173, 181–82, 715 P.2d 822, 829 (1986). In *Dumlao*, the ICA reversed a murder conviction for failure to give an instruction in accordance with HRS § 707–702(2).

HRS § 707–702(2), which the instruction is attempting to explain, reads:

In a prosecution for murder in the first and second degrees it is a defense, which reduces the offense to manslaughter, that the defendant was, at the time he caused the death of the other person, under the influence of extreme mental or emotional disturbance for which there is a reasonable explanation. The reasonableness of the explanation shall be determined from the viewpoint of a person in the defendant's situation under the circumstances as he believed them to be.

The problem we have with the instruction, as given, is with subsection (1), which by the use of the word "extremely" focuses the effect of the statute on the quality of the stress. In order to have the benefit of the statute, under the instruction given, the person invoking it must show he or she has been exposed to "an extremely unusual and overwhelming stress." No such provision appears in the statute.

On the contrary, the statute focuses, as the ICA opinion in *Dumlao* demonstrates, on the defendant's reaction to the stress, and requires only that the defendant be under the influence of extreme mental or emotional disturbance for which there is "a reasonable explanation." The instruction given was error.

Reversed and remanded for further proceedings.

*Chester M. Kanai* on the brief for appellant.

*Jeffrey M. Albert*, Deputy Prosecuting Attorney, on the brief for appellee.